## JOHNSON & a. *v.* GOULD & a.

Upon the trial of an appeal from a justice of the peace, no evidence can be received which would not be admissible before the justice.

Upon such appeal, the plaintiff will not be permitted to file a brief statement, raising the question of title to real estate.

CASE. The action was brought originally in the police court
of Manchester. The declaration alleged that from the fifth
of August, to the eighteenth of October, 1848, the plaintiffs
were seized and possessed in fee, of an ancient mill privilege and
mills, on the Piscataquog river, in Weare, with an ancient dam
to raise the water, and a right to use it without obstruction;
that the defendants, during that time, kept certain flash-boards
on their dam below, across the same stream, and thereby raised
the water higher than they lawfully might, and threw back
the water on the plaintiff's mill and privilege, and obstructed
the use of them.

In the police court the defendants pleaded, *not guilty*, and on
trial there, raised no question of title, and set up no right to
flow on the plaintiff's premises.

Judgment was given, by the police court, for the plaintiffs, and
the cause was transferred, by appeal, to the common pleas.

The defendants, in that court, moved for leave to file a brief
statement, *that they had a right to flow on the plaintiff's mill
and privilege, by prescription and grant.* The court denied the
motion. They also offered evidence, under the general issue,
that they had such right; but the court rejected the evidence.
The defendants excepted to these rulings. The jury found a
verdict for the plaintiffs, which the defendants moved to set
aside.

*D. Clark*, and *Pierce*, for the plaintiffs.

*Cross*, and *Morrison*, for the defendants.

BELL, J.   A justice of the peace, by the constitution and laws of this State, has no authority to try any action, in which the title of real estate shall be drawn in question.   Constitution of N. H., pt. 2, art. 77, and Rev. Stat., ch. 175, § 1.

The police court of Manchester has the same powers as a justice of the peace.   Laws of 1846, ch. 384.

Questions relative to the title of real estate, may arise in almost every form of action, as in debt for rent, or on bond for performance of covenants relating to land ; in assumpsit, as for use and occupation ; in case, as in the present action, for flowage ; in trespass *quare clausam fregit ;* and in replevin, upon a distress, *damage feasant,* &c.

In *Pritchard* v. *Atkinson,* 4 N. H. Rep., 291, it is said, " it has always been supposed, that a writ of entry could not be brought before a justice of the peace, for want of jurisdiction ; and it was decided, that in an action of covenant broken, where an easement for the public, as a highway, is assigned as a breach of a covenant against incumbrances, a question of title to real estate, is necessarily involved, because a title to such an easement is a title to real estate ; and it was held to be clear, that a justice of the peace, has no jurisdiction in such a case.

The claim, set up by the defendants, upon the trial of this appeal, was to an easement of the same character, namely, a right to flow on the plaintiffs' mill and mill privilege, by prescription and grant ; and this case is a direct authority, if any could be needed, that this right is a title to real estate.

In the case of *Flagg* v. *Gotham,* 7 N. H. Rep., 266, the question arose, whether in an action of trespass commenced before a justice of the peace, tried upon the general issue, and carried by appeal to the court of common pleas, the defendant can give any evidence of title under that plea, or can be permitted to file in the court above a brief statement of title ; and the court held, that the defendant, having filed the general issue only before the

justice, had done nothing to oust him of his jurisdiction over the case. He had legal authority to proceed, and try, and render judgment; and upon such trial, the defendant could give no evidence of title. All other matters of defence were open to him. And that, if the defendant could be permitted to offer evidence of title in the court above, either under the general issue, or upon a brief statement filed there, it would present the anomaly of a case tried before one tribunal, where a particular species of evidence was excluded, because the court had no jurisdiction to hear and decide upon evidence of that character; and, upon appeal, the case again tried upon the very evidence necessarily excluded in the court below; a result, the court there regard, as necessarily decisive against the admissibility of such evidence.

For many purposes, the action of trespass stands upon very different grounds from other actions, in which the title of real estate may be brought in question. In trespass, if the party pleads a special plea of title, the authority of the justice is ousted, but the case may be entered at the option of the plaintiff, in the court of common pleas, and proceeded in there, as if originally entered in that court. And in *Foster* v. *Leavitt*, 8 N. H. Rep., 353, it was held that if the defendant intends to set up a title to the *locus in quo*, in an action for breaking and entering a close, he must plead it specially; and if he does not, he cannot be permitted to offer any evidence that may bring the title in question.

In other actions, there is no provision for continuing the action, where the justice's authority ceases, in consequence of the title of real estate coming in question, the provisions on that subject being in terms confined to actions of trespass; Rev. Stat., ch. 175, § 2, &c., and the action necessarily falls to the ground.

In these cases, it has not been decided that any special plea is required. It is very apparent that if such a question of title arises, in any form of action, and in any state of the pleadings, a justice cannot try or decide the case, and it must therefore be dismissed for want of jurisdiction.

The principle established, in the case of *Flagg* v. *Gotham*, is equally applicable to cases of trespass and to all other actions,

that is to say, where the court below is limited to admit certain evidence and no other, the case will be heard upon appeal, upon such evidence only as the court below might rightfully receive and consider. This principle governs the present case. The general issue was pleaded in the police court, and by that plea, no question of title was necessarily raised, and the jurisdiction of that court remained entire. The judge of the police court, had authority to hear and determine any question, which might arise under that plea, except the question of title to real estate. If that question was raised, he could not try or determine it, and nothing properly remained for him to do, but to dismiss the action.

In the case of *Davis* v. *Morse*, 1 Foster's Rep., 345, it was held by the court, that a judgment, rendered by a justice, in an action of debt, upon the statute, for cutting timber trees, where the defendant pleaded title in himself to the *locus in quo*, was merely void; an appeal from such judgment was nugatory; and the appellant was not bound to prosecute his appeal, and was not liable for costs for neglecting to enter it.

When, therefore, a case comes by appeal to the court of common pleas, and it does not appear by the record that any question of title had been raised in the case, it is to be tried upon such evidence as the justice had legal authority to receive and act upon, and upon no other, and of course the evidence offered and rejected in this case, being such as the police court had no power to receive or decide upon, was properly rejected.

The motion for leave to file a brief statement of this matter of defence, was properly refused, because the evidence, if admissible at all, was receivable under the general issue, without a brief statement, and the filing of such statement, if it would have any effect upon the question of the admissibility of evidence of title, would be equally forbidden as the introduction of the evidence without it, by the principle of the decision in *Flagg* v. *Gotham*.

It would seem to be the duty of a justice, when a question of title arises before him, to enter upon his record any motion by either party to dismiss the action for that cause, and if it is dis-

missed, with or without such motion, to record the reason of the dismission.

Upon a motion to dismiss an appeal, it would be a good cause of dismission, that the judgment was rendered by a justice, in a case where he had no jurisdiction. *Davis* v. *Morse, supra.*

*Judgment on the Verdict.*